**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LARRY REYNOLDS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 16-2569** |
| **MORRIS BART, L.L.C., ET AL.** | **SECTION: "H" (3)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Larry Reynolds filed the above-captioned matter in this Court in which he sues defendants for legal malpractice, negligence, and mental anguish.

On April 19, 2016, the Court ordered Reynolds to show cause by Monday, May 2, 2016 as to why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(i-iii). [Doc. #5]. Reynolds responded on April 28, 2016. [Doc. #6].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> * * *
>
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding

---

[1] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3]

On the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331. Claims for legal malpractice, negligence, and mental anguish are state-law claims that do not confer jurisdiction on this Court. In his response to the rule to show cause, Reynolds states that he "had a written agreement [with defendants]." [Doc. #6 at p. 5]. It is axiomatic that a state-law breach of contract claim does not bestow jurisdiction on a federal court.

In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 773 (5th

---

2 *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

3 *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Cir. 1986). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil*, 841 F.2d at 1259; *see McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("The burden is on a plaintiff to allege and invoke jurisdiction."). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" *McGovern*, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *see also Powell v. Abney*, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir.1986); *McGovern*, 511 F.2d at 654.

It is well-settled law that the citizenship of a limited liability company ("L.L.C.") is based on the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Morris Bart, L.L.C. is thus a citizen of each state in which its members are citizens. In his response, Reynolds alleges that "Morris Bart, L.L.C. is a citizen of Louisiana staffed by Louisiana attorneys." [Doc. #6 at p. 4]. Reynolds himself is a Louisiana citizen, domiciled in Marrero, Louisiana. This – in and of itself – is enough to destroy diversity jurisdiction.[4] Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

---

4 It matters not whether Reynolds is diverse from defendants Hammerman & Gainer, Inc. or Melvina McCoy. As noted, diversity must be complete. *Getty Oil Corp., Div. of Texaco, Inc.*, 841 F.2d at 1258-59.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of May, 2016.

Daniel E. Knowles, III

**UNITED STATES MAGISTRATE JUDGE**